McDONALD CARANO WILSON LLP
Ryan J. Works, Esq. (NV Bar No. 9224)
Amanda M. Perach, Esq. (NV Bar No. 12399)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
Telephone Number: (702) 873-4100
Facsimile Number:  (702) 873-9966
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com

*Proposed Counsel for TEM Enterprises*

*Electronically Filed June 10, 2014*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>TEM ENTERPRISES,<br><br>        Debtor in Possession. | Case No.: 14-13955-abl<br><br>Chapter 11<br><br>**DECLARATION OF LISA DUNN IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER (I) AUTHORIZING DEBTOR TO PAY EMPLOYEE WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING PAYMENT OF CERTAIN CRITICAL VENDORS**<br><br>**Hearing Date:** *OST Requested*<br>**Hearing Time:** *OST Requested*<br><br>**Hearing Place: Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101** |

I, LISA DUNN, declare under penalty of perjury:

    1.    I am the president of TEM ENTERPRISES d/b/a/ XTRA AIRWAYS ("Debtor" or "Debtor in Possession"), debtor in possession in Case No. 14-13955-abl, pending in the United States Bankruptcy Court, District of Nevada (the "Action").

2. This declaration is made of my personal knowledge except where stated upon information and belief, and as to those matters I believe them to be true, and if called as a witness I could competently testify thereto.

3. This declaration is submitted in support of the *Emergency Motion For An Order (I) Authorizing Debtor to Pay Employee Wages, Salaries, Benefits, Reimbursable Business Expenses and Other Employee Obligations; and (II) Authorizing Payment of Certain Critical Vendors* (the "Motion").

4. Debtor utilizes at least three (3) vendors (the "Critical Vendors") which are necessary to the Debtor's continuing operations and the subject of the Motion. I, along with the chief financial officer, prepared the attached list of Critical Vendors and believe it depicts and true and accurate representation of all Critical Vendors that are owed a pre-petition debt. A copy of that list is attached hereto as "**Exhibit 1**".

5. Prior to filing the voluntary petition, Debtor incurred approximately $18,120.85 in pre-petition debt from these Critical Vendors. Upon information and belief, absent payment, the Critical Vendors may terminate their services which will result in a shutdown of the Debtor's operations.

6. Specifically, these Critical Vendors provide, *inter alia*, parts to the Debtor upon request when essential parts of the Debtor's fleet need repair or replacement, equipment, on rent, to allow the Debtor's aircrafts to back out of the runways, and permission for the Debtor to fly through Mexico's airspace, which is completed on a daily basis.

7. Debtor employs approximately one hundred and forty (140) full-time and part-time employees (the "Employees") in the ordinary course of its business. Continued service by the Employees is critical to Debtor's ongoing operations and reorganization. Among other things, Debtor's Employees manage day-to-day business activities, including bookkeeping, office management, and human resource responsibilities, piloting and reservations.

8. As of the Petition Date, Debtor owes its Employees various sums for salaries and reimbursable business expenses (collectively, the "Salary Obligations"). I, along with the chief financial officer, prepared the attached list of all Salary Obligations owed as of the Petition

Date and believe it depicts and true and accurate representation of all Salary Obligations that were owed as of the Petition Date. A copy of that list is attached hereto as "**Exhibit 2**". Debtor pays its Employees on a semi-monthly payroll cycle. When payroll checks are paid to Debtor's Employees, the Employees are paid current as of one week prior.

9. The payroll for the first half of each month averages approximately $270,000.00 for Debtor. The payroll for the second half of each month averages approximately $200,000.00 for Debtor. No single Employee is owed in excess of $2,600.00.

10. Additionally, Debtor withholds from its Employees' wages amounts for federal income, social security and Medicare taxes, and remits the same to the appropriate taxing authorities. To the extent Debtor has withheld amounts pertaining to said taxes, Debtor seeks authorization to continue to deduct these funds and pay them to such governmental entities in the ordinary course of business.

11. In the ordinary course of its business, and as is customary for most companies, Debtor has established various employee benefit plans and policies that provide certain Employees with medical, vacation, employee savings, and other similar benefits (collectively, the "Employee Benefits").

12. An important element of the Employee Benefits is the medical insurance, fifty percent (50%) of which is paid by the Debtor. The remaining fifty percent and any other dues arising from coverage of the Employee's family members is paid by the Employee through withholding on the Employee's payroll. Debtor maintains a medical plan for its eligible Employees (the "Health Plan") administered by several different providers. This Employee Benefit is made available to Debtor's Employees that meet the minimum employee eligibility requirements. The cost of the Health insurance is approximately $30,000.00 per month and is paid monthly during the first half of each month. Pursuant to the Health Plan, Debtor pays a portion of the cost for coverage of each enrolled Employee. As of the Petition Date, Debtor owes the providers of these Employee Benefits approximately $3,423.43. I, along with the chief financial officer, prepared the attached list of all Employee Benefits owed as of the Petition Date and believe it depicts and true and accurate representation of all Employee

Benefits payments that were owed as of the Petition Date.  A copy of that list is attached hereto as "**Exhibit 3**".

13. In the ordinary course of their employment, certain authorized Employees may have used their own personal credit cards or expended their own personal funds on behalf of and for the benefit of Debtor (the "Reimbursable Business Expenses").  Employees rendered services and incurred Reimbursable Business Expenses in anticipation of receiving their standard compensation and reimbursements; however, as of the Petition Date, such obligations may remain unpaid and unreimbursed.  The amount of Reimbursable Business Expenses the Debtor has incurred, as of the Petition Date is approximately $3,704.40.

14. Upon information and belief, it is essential for the morale and maintenance of trust of the Employees that necessary steps are taken to protect the Employee Benefit Plans described herein, including the payment of the Employees' prepetition Salary Obligations, Health Plan obligations, Vacation Accruals, and Reimbursable Business Expense repayments.

15. If Airline Economics is not paid by June 13, 2014, the Debtor will be prohibited from flying into Mexico's airspace.  The Debtor flies through Mexico's airspace nearly every day as it is tasked with the duty of returning illegal immigrants to Mexico from the United States.  Thus, if this payment is not made by June 13, 2014, it will result in a complete shutdown of operations.

SIGNED under penalty of perjury this 10th day of June, 2014.

By: /s/ *Lisa Dunn*
Lisa Dunn

# EXHIBIT 1

## Critical Vendor Claims

| Vendor Name | Amount Due |
|---|---:|
| Inventory Locator Services, LLC | 2,367.00 |
| United Rentals (North America) | 792.04 |
| Airline Economics (Mexico overflight) | 14,961.81 |
| **Total Owed** | **18,120.85** |

# EXHIBIT 2

**Salary Obligations**

| Employee Name | Unpaid Wages | Unpaid Reimburseable Business Expense | Total Amount Owed |
|---|---|---|---|
| Del Fruit | | $157.23 | $157.23 |
| Debby Sundquist | | $400.00 | $400.00 |
| Andrew Holobinko | | $286.92 | $286.92 |
| Barry Birtwistle | | $94.90 | $94.90 |
| Mohsen Moghadassi | | $69.78 | $69.78 |
| Opal Reynolds | | $340.50 | $340.50 |
| Ron Lyda | $2,258.97 | | $2,258.97 |
| James Fulop | | $38.69 | $38.69 |
| Donaciano Lovato | | $60.00 | $60.00 |
| Adabelle Suarez | | $25.00 | $25.00 |
| Virginia Westwater | | $50.00 | $50.00 |
| Robert Vance | | $45.00 | $45.00 |
| Cyndi Adams | | $154.45 | $154.45 |
| Jack Ensminger | | $88.50 | $88.50 |
| Sumintra Satram | | $175.50 | $175.50 |
| Chandler Brennen | | $60.00 | $60.00 |
| Alan Rizo | | $31.58 | $31.58 |
| Brian Felter | | $421.00 | $421.00 |
| Daisy Rojas | | $170.00 | $170.00 |
| Mark Crow | | $10.00 | $10.00 |
| Faris Abuzeid | | $312.70 | $312.70 |
| Jessica Harris | | $100.00 | $100.00 |
| Jack Ensminger | | $24.68 | $24.68 |
| Peter Mcasey | | $587.97 | $587.97 |
| Julianna Gedwed | $1,728.44 | | $1,728.44 |
| David Townsend | $2,546.76 | | $2,546.76 |
| Tali McGinnis | $1,157.02 | | $1,157.02 |
| **Total** | **$7,691.19** | **$3,704.40** | **$11,395.59** |

# EXHIBIT 3

**Employee Benefits Claims**

| Recipient of Employee Benefit Payments | Unpaid Employee Benefit Expenses |
|---|---:|
| Blue Cross of Idaho | 2,956.94 |
| Met Life | 297.36 |
| Kansas City | 39.55 |
| United Heritage | 129.58 |
| **Total Owed** | **3,423.43** |