McDONALD CARANO WILSON LLP
Ryan J. Works, Esq. (NV Bar No. 9224)
Amanda M. Perach, Esq. (NV Bar No. 12399)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
Telephone Number: (702) 873-4100
Facsimile Number: (702) 873-9966
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com
*Proposed Counsel for TEM Enterprises*

*Electronically Filed June 28, 2014*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>TEM ENTERPRISES,<br><br>Debtor in Possession. | Case No.: 14-13955-abl<br><br>Chapter 11<br><br>**REPLY TO TRITON AVIATION CALIFORNIA, INC.'S OPPOSITION TO MOTION FOR APPROVAL OF STIPULATION AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION UNDER 11 U.S.C. §§ 361 AND 363**<br><br><u>Hearing Date:</u>   June 30, 2014<br><u>Hearing Time:</u>   9:30 a.m.<br><br><u>Hearing Place:</u> Foley Federal Building, 300 Las Vegas Blvd. South, Las Vegas, Nevada 89101 |

TEM Enterprises ("<u>TEM</u>"), debtor in possession in the above captioned case, by and through its counsel of record McDonald Carano Wilson LLP, hereby files this *Reply to Triton Aviation California, Inc.'s Opposition to Motion for Approval of Stipulation Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection Under 11 U.S.C. §§ 361 and 363* (the "<u>Reply</u>").

**I.     INTRODUCTION**

Debtor entered into a stipulation for use of the cash collateral with its only secured creditor – VX Entities[1]  [Docket No. 39] (the "<u>Stipulation</u>").  The *Motion for Approval of Stipulation Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection*

---

[1] Any terms not otherwise defined herein shall have the same meanings as set forth in the Motion.

*Under 11 U.S.C. §§ 361 and 363* [Docket No. 41] (the "Motion") is with respect to that issue alone.

Triton Aviation California, Inc. ("Triton"), an aircraft lessor, has not filed a motion for adequate protection, nor has Triton met its burden (nor can it meet its burden) to demonstrate that it is not adequately protected under the circumstances. Even if Triton were to file a motion for adequate protection, the Budget set forth as Exhibit 1 to the Stipulation, attached to the Motion, provides adequate protection of Triton's interests in this case. Contrary to Triton's allegations, the Debtor has proposed a budget that provides for continuing aircraft maintenance reserves, contract maintenance, taxes, fees, insurance and replacement parts for the Triton aircraft during this case. These payments, which are substantial, are fully set forth in the Declaration of Lisa Dunn (the "Dunn Decl."), filed concurrently herewith. Moreover, of the $150,000 set out for "Aircraft Lease payments" in the month of August 2014, the Debtor has included a lease payment to Triton. Triton is impermissibly seeking to re-write 11 U.S.C. § 1110 by arguing that Debtor is required to made certain elections (and make certain payments) that are not yet due. Triton suggests that if it cannot get paid for its perceived lack of adequate protection then the entire case should end and the Debtor should be forced to cease operations.

## II.    RELEVANT FACTS

On June 16, 2014, the Debtor and the Vx Entities (the only creditor with a security interest in Debtor's cash collateral) entered into a stipulation which set forth specific obligations for the Debtor to use cash collateral for sixty days from entry of an order approving of the same, subject to extension as the parties may agree. [Docket No. 39]. Debtor filed its Motion requesting approval of the Stipulation on June 18, 2014 seeking Court authority to proceed with the proposed use of cash collateral as set forth in its proposed budget. [Docket No. 41]. This Stipulation was negotiated for several weeks and represents a realistic picture of what the Debtor is capable of during this critical post-petition operating period. In its budget, the Debtor set forth specific payments that directly protect Triton and its aircraft, such as maintenance reserves, contract maintenance, insurance, taxes, fees and replacement parts.

On June 26, 2014, *Triton Aviation California, Inc.'s Opposition To Motion For*

1  *Approval Of Stipulation Authorizing Debtor To Use Cash Collateral And Granting Adequate*
2  *Protection Under 11 U.S.C. §§ 361 And 363* [Docket No. 82] (the "Opposition") was filed. In
3  its Opposition, Triton submits that its interest in the aircraft – a Boeing B737-4S3 aircraft
4  bearing manufacturer's serial number 24796 (the "Aircraft") – is not adequately protected and,
5  thus, no cash for any operations should be allowed and denial of the Motion is required.
6  However, as set forth below Triton is not entitled to adequate protection at this juncture, and
7  even if it is, the Debtor's budget sets forth sufficient adequate protection for Triton such that its
8  Opposition should be overruled entirely.

9  The Debtor has proposed a budget provides for continuing aircraft maintenance reserves
10  of $130,000 per month for Debtor's several aircraft, approximately $90,000 of which is set
11  aside for Triton per month. Dunn Decl. at ¶ 4. In addition, the Debtor has proposed to pay
12  substantial sums of money to benefit the Aircraft, including insurance, Wheels/Brakes, Parts
13  and Contract Maintenance. All such amounts provide adequate protection of Triton's Interest
14  in the Aircraft. *See* Dunn Decl.

15  Moreover, of the $150,000 set out for "Aircraft Lease payments" in the month of
16  August 2014, the Debtor has included a lease payment to Triton. Dunn Decl. at ¶ 5. Triton also
17  has a $175,000 security deposit in its possession with respect to its Aircraft that provides even
18  greater protection to Triton. *Id*. Thus, any argument that Triton is not adequately protected
19  lacks merit.

20  In addition, although there is not enough money in the Debtor's budget to cure and
21  assume the Triton lease at present, the Debtor is currently experiencing a high volume of
22  charter reservations and is actively engaged with a prospective DIP lender and potential buyer
23  who will be providing the necessary capital for Debtor to perform its obligations under the
24  Bankruptcy Code while exiting Chapter 11 expeditiously. *Id*. at ¶ 7. Although Debtor's
25  counsel did not discuss the cash collateral budget with Triton prior to filing the instant
26  Stipulation, Debtor's president – Lisa Dunn has been actively engaged with all of its major
27  lessors, including World Star Aviation which is Triton's representative concerning the Aircraft.
28  *Id*. at ¶ 7. Debtor has continued an open dialogue with Triton following the bankruptcy filing

and is likewise willing to work with them to find an amicable solution to their problems.

Finally, even if the Debtor did not provide for adequate protection to Triton over the next 60 days, such protection is not required under the Bankruptcy Code. The 60-day period set forth in section 1110 cannot be shortened and there is no requirement that the Debtor provide assurances of a cure before the expiration of the period. Additionally, entry of an order granting the Motion is not only permissible, but required under the Bankruptcy Code because the Debtor's only secured lender (in regards to its cash collateral), the Vx Entities, consents to the Debtor's proposed use of its cash collateral. As such, the Debtor would request that this Court grant the instant Motion and Stipulation and enter an order allowing Debtor's continued post-petition use of cash collateral.

### III.     ARGUMENT AND AUTHORITIES

#### A. Triton Does Not Have Standing to Oppose the Motion or Stipulation.

Pursuant to 11 U.S.C. § 363, a debtor in possession may "use sell, or lease cash collateral" if "each entity that has an interest in such cash collateral consents…" Nothing contained in the Bankruptcy Code requires the consent from other secured creditors secured by assets other than the debtor's cash collateral. *In re Upland Partners*, 97-03746, 2002 WL 32332544 (Bankr. D. Haw. Apr. 29, 2002) (noting where individual had no interest in the cash collateral, he lacked standing to bring a motion for leave to object to distribution of assets).

This logic applies equally to Triton, who is a lessor of the Aircraft to the Debtor and who has no interest in the cash collateral sought to be used by the Debtor. As a result, Triton lacks standing to assert its Opposition to this two-party matter and this Court should grant the instant Motion and Stipulation.

#### B. Triton Has Not Filed a Motion for Adequate Protection, is Not Entitled to Adequate Protection, but Nevertheless is Adequately Protected Under the Proposed Stipulation and Budget.

Importantly, Triton has not filed a motion for adequate protection under 11 U.S.C. §§ 361 or 363. Triton is not entitled to adequate protection under the circumstances. Even if it was entitled to adequate protection, Triton asserts a wholly speculative threat of a post-petition decline in the value of its Aircraft which is insufficient to meet its burden of proof. Triton sets

forth no evidence to support its alleged concerns about the diminution in value of its interest in the Aircraft, and to the contrary, sufficient evidence exists before this Court to make a determination that Triton is adequately protected under the circumstances.

Under section 1110 of the Bankruptcy Code, a lessor under an aircraft lease is not entitled to additional adequate protection payments, as would be permitted in other non-aircraft related leases and security agreements. H.R. REP. 95-595, 239-40, 1978 U.S.C.C.A.N. 5963, 6199. The legislative history of 11 U.S.C. § 1110 provides a helpful explanation as to why such adequate protection is not needed under these circumstances:

> The protection afforded the financier is similar to that contained in other sections of the bill governing use of collateral by the estate and the treatment of executory contracts and unexpired leases under those sections, a secured creditor is entitled to adequate protection if the trustee elects to keep and use his collateral. A lessor is entitled to lease payments under the terms of the lease, and to the curing of past defaults, if the trustee elects to assume a lease. The major differences for transportation equipment security interests is that [section 1110] defines more precisely what constitutes adequate protection. It is the payments and duties of the debtor called for under the security agreement. In the case of a lease, the protection is the same afforded other lessors, but the trustee is required to make a decision within 60 days of the order for relief.

*Id*. For example, in *In re Gemini Cargo Logistics Inc., et al*., the Court considered whether adequate protection payments were appropriate despite the protections of section 1110 and concluded that section 1110 provided sufficient protection to the aircraft lessor, thus denying its requests for adequate protection. Case No. 08-18173-BKC-AJC (Bankr. S.D. Fla.) (Jointly Administered).

Here, based on the language of the legislative history of section 1110 of the Bankruptcy Code, it is clear that the Debtor is not required to make any adequate protection payments prior to the expiration of the 60-day period following the Petition Date. As noted by Congress, section 1110 identifies the specific protection that should be afforded to lessors of aircraft leases – nothing more is required. Notwithstanding this, the Debtor has proposed, in its budget, that the Aircraft be insured and maintained during the course of the 60-day period and that certain payments be made to Triton as fully set forth in the budget benefiting its interests. This

satisfies the requirements of section 1110 and therefore Debtor respectfully requests that the Court find, if necessary, that no further protection of the Aircraft is necessary to allow for the Motion to be granted.

The purpose of adequate protection under the Bankruptcy Code is to preserve a party's position at the time of a bankruptcy filing and protect such creditor from diminution in the value of its interest in the property during the reorganization process. *In re Worldcom, Inc.*, 304 B.R. 611, 618-619 (Bankr. S.D.N.Y. 2004). The party seeking adequate protection bears the burden of establishing a prima facie case for adequate protection by proving that the value of its interest in the property used by the Debtor has actually materially declined, or a value in its interests, subsequent to the commencement of the Chapter 11 case, or that there is a bona fide threat of a post-petition decline in the value of its interest. *See e.g., In re Balco Equitites Ltd., Inc.*, 312 B.R. 734, 751 (Bankr. S.D.N.Y. 2004) (*citing in re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)); *In re Anthem Cmtys./RBG, LLC*, 267 B.R. 867, 871 (Bankr. D. Colo. 2001); *In re Obligo*, 328 B.R. 619, 651 (Bankr. E.D.N.Y. 2005); *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2003 WL 22025051 at *6 (Bankr. S.D.N.Y. Jan. 30, 2003). The burden of proof does not shift to the debtor unless the movant establishes a prima facie case. *See Balco*, 312 B.R. at 751; *Elmira Litho*, 74 B.R. at 902.

Triton has not satisfied its burden even if this Court considers this an application for adequate protection. Triton fails to establish that there has been an actual decline or credible threat of decline in value of its interest in the Aircraft because it merely refers to speculation and hearsay. Debtor is properly maintaining the Aircraft, ensuring that the insurance does not lapse on the Aircraft, keeping proper records of use and maintenance with respect to the Aircraft, and complying with national and international regulations with respect to the use, registration and maintenance of the Aircraft. Dunn Decl. at ¶ 9. Since the filing of this Chapter 11 case, there has been no change to the maintenance policies of the Debtor, or its procedures that would adversely impact the value of the Aircraft. *Id*. Moreover, the Debtor has a $175,000 security deposit with Triton which Triton fails to mention in its Opposition. *Id*. at ¶ 6. Thus, because Triton holds this substantial security deposit as security for repayment and

because the Debtor is properly maintaining[2] the Aircraft, insuring the Aircraft, paying taxes, fees, and related maintenance charges relating to the Aircraft and contemplating payment of a substantial amount to Triton (as set out in its Budget), there is no basis for Triton's argument that it is not adequately protected. Again, assuming adequate protection is even required at present, it is Triton's burden to prove that it is not adequately protected and because Triton has failed to satisfy that burden the Motion must be granted.

### C. Triton Impermissibly Seeks to Shorten the 60-Day Period of 11 U.S.C. § 1110.

As noted above, when a lessee of an aircraft lease files for bankruptcy protection, the Bankruptcy Code allows the debtor in possession sixty days to perform its obligations or to relinquish the subject property. 11 U.S.C. § 1110. No additional requirements are set forth under section 1110. Moreover, courts have consistently held that there exists no right to reduce the 60-day period set forth in section 1110. *See In re Air Nat. Aircraft Sales & Serv., Inc.,* 53 B.R. 310, 317 (Bankr. E.D.N.Y. 1985)("During this time the automatic stay will apply and may not be lifted prior to the expiration of the 60-day period. Under section 1110(b), the debtor and secured party or lessors are given an opportunity to extend the 60-day period, but no right to reduce the period is intended.") *quoting* 124 Cong. Rec. H 11,102 (Sept. 28, 1978); S 17,419 (Oct. 6, 1978); *see also In re Air Vermont, Inc*., 44 B.R. 433, 438-39 (Bankr. D. Vt. 1984).

Here, Triton cannot establish any basis for the reduction in time allowed for the Debtor to cure its obligations under the subject lease agreement. Section 1110 of the Bankruptcy Code provides for a 60-day period in which the Debtor is entitled to determine whether or not it intends to cure and perform or return its Aircraft. Triton's attempts to shorten this period must be denied.

### IV.  CONCLUSION

For the above reasons, TEM respectfully requests that its Motion be granted.

DATED this 28th day of June, 2014.

---

[2] Debtor is required to comply with all FAA mandatory maintenance requirements in accordance with federal law. The Debtor has complied and continues to comply with these maintenance requirements. Dunn Decl. at ¶ 9.

MCDONALD CARANO WILSON LLP

By: */s/ Ryan J. Works*
Ryan J. Works, Esq., #9224
Amanda M. Perach, Esq., #12399
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com
aperach@mcdonaldcarano.com
*Proposed Counsel to the Debtor and Debtor in Possession*